# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAQUILLE MORRIS, | ) |
| | ) Civil Action No. 3: 14-cv-0201 |
| Plaintiff, | ) |
| | ) United States District Judge |
| v. | ) Kim R. Gibson |
| | ) |
| R. BAKOS & JOSEPH DUPONT, | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| Defendants. | ) |
| | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

For the reasons set forth below, it is respectfully recommended that the Motion for Summary Judgment (ECF No. 30) filed by Defendants R. Bakos and Joseph Dupont be denied.

**II.   REPORT**

A.   Relevant Procedural History

Plaintiff, Shaquille Morris ("Plaintiff" or "Morris"), is a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"). The events giving rise to this lawsuit occurred in October and November 2013 while Morris was incarcerated at SCI-Somerset.

Plaintiff has brought this suit under 42 U.S.C. § 1983, claiming that his First Amendment rights were violated when he received two misconduct reports in retaliation for filing two grievances. Named as Defendants are R. Bakos, Lieutenant, and Joseph Dupont, hearing examiner, both named in their individual capacities.

Plaintiff seeks unspecified compensatory damages against both defendants, punitive damages in the amount of $75,000 against Defendant Bakos, punitive damages in the amount of

1

$50,000 against Defendant Dupont, recovery of his costs, and any additional relief this Court deems just, proper and equitable (ECF No. 6).

Defendants have filed the instant Motion for Summary Judgment, with brief in support (ECF Nos. 30 and 31). Plaintiff has filed an Opposition and Brief in Opposition to Defendants' Motion for Summary Judgment (ECF Nos. 35 and 36). The issues have been fully briefed and the factual record has also been thoroughly developed. *See* ECF Nos. 32, 33, 37, 38, 39, and 40. The motion is ripe for disposition. For the reasons set forth below, it is recommended that the Motion for Summary Judgment be denied.

  B. <u>Relevant Factual History</u>

Morris filed two grievances concerning allegations of excessive force: the first alleging the was subjected to excessive force on October 1, 2013, (Grievance # 481811) and the second alleging he was subjected to excessive force on November 20, 2013 (Grievance # 487311). Defendant Bakos, a Security Department Lieutenant at SCI-Somerset, investigated both grievances. After interviewing Morris and the prison staff involved in both incidents, and reviewing the video evidence, Bakos concluded that no excessive force was used and that Plaintiff was lying. Bakos also reported that Morris attempted to bribe him with withdrawing his claims in exchange for a "time cut." Bakos filed two misconduct reports against Morris, B-656754 and B-656757, in which he charged Morris with unsworn falsification and lying to an employee relating to both grievances filed by Morris.

Defendant Dupont was the hearing examiner at both misconduct hearings. After Morris pled not guilty, Dupont found, based on the investigative reports of Bakos and the video evidence, that no staff abuse occurred and "it is more likely than not that Morris lied." Dupont sanctioned Morris to ninety days in disciplinary custody.

Defendants filed the instant motion for summary judgment in which they argue that Morris did not engage in protected speech and the issuance of the misconducts was not based on any retaliatory motive. Defendants acknowledge that normally the filing of a grievance constitutes protected activity, but they argue that Morris has no constitutionally protected right to file false accusations about prison personnel. In support of their position, Defendants have provided the Bakos' investigation files and video evidence of both incidents. In response, Morris contends that he did not lie in the grievances, but rather "told what happened in regards to the two unnecessary use of force / excessive force incidents." Additionally, Morris provides evidentiary documentation reflecting that on October 31, 2014, Grievance # 487311 was upheld:

> I have reviewed all the current documentation related to this matter. This includes your original grievance, the initial response from Lieutenant Bakos, the appeal to the Superintendent, the response from the Superintendent, the appeal to Central Office, and the remand back to the Superintendent.
>
> The incident involving you and Corrections Officer at SCI-SMR was investigated by the SCI-Somerset Security Office as well as the Office of Special Investigations and intelligence (OSII). I have found upon further review of these investigations that the Corrections Officer's actions should have been addressed at the time of the event. Therefore, at this time I will ensure his actions are addressed by his supervisory staff.
>
> Based on the above, <u>your grievance is upheld</u>.
>
> Title: Superintendent
> Date: 10/31/14

Exh A, Grievance # 487311 at 6. (ECF No. 36-1) (emphasis added).

C. <u>Standard of Review for Motion for Summary Judgment</u>

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 330 (1986); *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007); *UPMC Health System v. Metropolitan Live Ins. Co.,* 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); *Williams v. Borough of West Chester, Pa.,* 891 F.2d 458, 460-61 (3d Cir. 1989) (the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e. depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. *Celotex,* 477 U.S. at 322. *See also Saldana v. Kmart Corp.,* 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." *Garcia v. Kimmell*, 381 F. App'x 211, 213 (3d cir. 2010) (quoting *Podobnik v. U.S. Postal Serv.,* 409 F.3d 584, 594 (3d Cir. 2005)).

When considering a motion for summary judgment, the Court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). The Court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. *Batsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). *See also El v. SEPTA*, 479 F.3d 232, 238 (3d Cir. 2007).

D.  Discussion and Analysis

Morris asserts that Defendants retaliated against him in violation of his First Amendment rights. In order to establish a prima facie case of retaliation under the First Amendment, a prisoner-plaintiff must prove: (1) conduct or speech protected by the First Amendment, (2) a retaliatory action by prison officials sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and (3) a causal link between the constitutionally protected conduct or speech and the retaliatory action. *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006); *see also, e.g., Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 282 (3d Cir. 2004); *Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir. 2001).

At the heart of this case is whether Morris engaged in protected activity. To determine that issue, it first must be determined whether Morris lied or submitted false accusations against the staff in his two grievances. In support of their positions that he lied, Defendants have presented Bakos' investigative file and three video recordings /DVDs – a video recording taken from the pod camera on the ceiling showing the incident of October 1, 2013 (Exhibit B), a video recording which shows the incident of November 30, 2013 (Exhibit D), and a Debriefing Video, recorded immediately after the incident on November 30, 2013 (Exhibit E).

The Court finds that the video recording evidence is inconclusive and provides no support for Defendants' position. As Defendants concede, Exhibit D is of poor quality due to operator error – specifically, throughout the video the camera is pointed at the floor or at the players' feet for much of the video. The summary judgment record evidence reflects that Officer Redmond, the camera operator, "in addition to being counseled on the poor video quality, was also counseled to remain professional at all times." *See* Investigative Insert, Review of the

Video Review Checklist / Briefing / Debriefing: Planned Use of Force (ECF No. 33-2 at 14, 20, and 23.)

While Exhibit B is of better quality, the Court finds that it too is inconclusive for summary judgment purposes. For example, there is no time or date stamp on the video, it is not clear from the video recording that Morris attempted to pull away from the escorting officers, and the video apparently ran out of memory while in the RHU Triage, the location where one of the correction officers tased Morris.[1] *See* Investigative Insert, Review of the Video Review Checklist / Briefing / Debriefing: Unplanned Use of Force (ECF No. 33-1 at 13-14, 17.) Although both Bakos and Dupont found that the video recordings "clearly indicates that no staff abuse occurred," the Court does not agree that the video recordings are that clear.

Defendants further support their motion for summary judgment by providing Bakos' investigation files of the two incidents. Morris, in turn, defends his claim by providing his version of what occurred on October 1, 2013, and November 30, 2013, which directly and materially contradicts the evidence presented by Defendants. Thus, it is against the backdrop of this stark, and very fundamental, factual dispute that the Court is called upon to consider whether Defendants are entitled to judgment as a matter of law.

Judged against the legal tenets applicable to summary judgment motions, the Court recommends that Defendants' motion for summary judgment be denied. The contrasting positions of the parties on material issues are irreconcilable, and are sharply at odds with one another. In short, the question of whether Morris engaged in protected activity is a hotly disputed factual matter. Morris has submitted evidence sufficient to create genuine issues of

---

[1] Morris contends he was tased two or three times. Defendants admit that the taser, also known as the EBID (Electric Body Immobilizer Device), was used on Morris, but deny that Morris was tased two or three times as he claims, but rather state that "one 5 second charge was used." Defendants' Concise Stmt of Facts Not in Dispute, ¶ 8.(ECF No. 32).

material fact that preclude the entry of summary judgment. Therefore, since Morris' claims are replete with factual controversies, it is recommended that Defendants' motion for summary judgment be denied.

### III. CONCLUSION

For all of the foregoing reasons, it is recommended that the Motion for Summary Judgment filed by Defendants be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, the parties are allowed fourteen (14) days after service of this Report and Recommendation, to file Objections to this Report And Recommendation. Any party opposing the objections shall have fourteen (14) days after date of service to respond to the objections. Failure to file Objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: January 13, 2016

                                                  s/ Cynthia Reed Eddy
                                                  Cynthia Reed Eddy
                                                  United States Magistrate Judge

cc:     SHAQUILLE MORRIS
        JY-3653
        SCI Dallas
        1000 Follies Road
        Dallas, PA 18612
        (via U.S. First Class Mail)

        Robert A. Willig
        Office of Attorney General
        (via ECF electronic notification)