IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAQUILLE MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:14-201 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| R. BAKOS AND JOSEPH DUPONT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Pending before the Court is Defendants' Motion *in Limine* to Exclude Introduction of Confidential Department of Corrections Security Policies (ECF No. 55). For the reasons that follow, Defendants' Motion is **GRANTED**.

### II. Background

Plaintiff Shaquille Morris is a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"). The events giving rise to this lawsuit occurred in October and November of 2013, while Plaintiff was incarcerated at SCI-Somerset. Plaintiff brought this action under 42 U.S.C. § 1983, alleging that his First Amendment rights were violated when he received two misconduct reports in retaliation for filing two grievances. Named as Defendants are R. Bakos, a Lieutenant at the DOC, and Joseph Dupont, the hearing examiner who presided over both misconduct hearings. Defendants deny that the issuance of the misconduct reports was improper. On February 8, 2016, this Court adopted a Report and Recommendation from Magistrate Judge Cynthia Reed Eddy

recommending that Defendants' summary judgment motion be denied. Trial is scheduled to begin on November 7, 2016.

## III. Discussion

Defendants have moved to exclude introduction at trial of internal DOC security policies. (ECF No. 55.) Plaintiff indicated at the pretrial conference that he would like to receive from the DOC, and introduce at trial, portions of the prison's internal policy regarding the operation of video cameras during incidents involving the use of force. (ECF No. 53.) Defendants argue in their Motion that Plaintiff failed to request the policy in discovery, the policy is confidential and "to provide these materials to an inmate in custody would jeopardize institutional security," and the policy is not relevant to the case. (ECF No. 56.)

Defendants are correct that the policies relating to the operation of video cameras are not relevant to the issues presented by this case. Under the Federal Rules of Evidence, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Plaintiff's claims are for violations of his First Amendment rights. (ECF No. 41 at 5.) He alleges that he was subjected to excessive force on two occasions, for which he filed grievances against the corrections officers and that Defendants retaliated by issuing misconduct citations. (*Id.* at 2.) Defendants take the position that when they investigated his grievances, they concluded that Plaintiff was lying about the underlying incidents and thus issued misconducts. (*Id.* at 2-3.) As the

2

Court explained in denying summary judgment, one of the elements Plaintiff must prove is that he engaged in activity protected by the First Amendment. Whether or not Plaintiff engaged in protected activity in this case hinges on whether or not Plaintiff lied about the incidents he claims amounted to excessive force when he filed the grievances. (*Id.* at 5.) While there is video footage of the altercations in question, the Court found the footage to be inconclusive, in large part because the camera was pointed at the floor during much of the pertinent portion of the video. (*Id.*)

Understandably frustrated by this error, Plaintiff seeks introduction of the prison's policy regarding operation of cameras during such incidents. While Plaintiff will be free to make any number of arguments regarding the video footage at trial, the prison policies in question ultimately have no bearing on whether or not he lied or whether or not Defendants retaliated against him for exercising his First Amendment rights. The corrections officer who was operating the video camera is not a defendant in this case, did not inflict the alleged excessive force on Plaintiff, and did not issue the misconducts to Plaintiff. As Defendants note, "what the policy states or requires is not important; rather, the critical issue for trial is what the videos depict." (ECF No. 56 at 3.) Common sense dictates that the camera should, ideally, not have been pointed at the ground. Whether or not this error was explicitly contrary to policy, however, does not advance the ball on any of the disputed issues to be decided at trial. Therefore, the Court concludes that the policies are not relevant under Rule 401.

In addition to the lack of relevance, the Court finds Defendants' security concerns to be valid. Turning over information regarding the internal workings of prison security

to an inmate may pose a danger to correction officers and other inmates. Other courts have reached similar conclusions. *See, e.g., Houser v. Pennsylvania Dep't of Corr.*, No. 13-CV-1068, 2015 WL 757552, at *4 (W.D. Pa. Feb. 23, 2015); *Paluch v. Dawson*, No. CIV. 1:CV-06-01751, 2007 WL 4375937, at *5 (M.D. Pa. Dec. 12, 2007). The security concerns coupled with the lack of relevance warrant exclusion of the policies as evidence at trial.

## IV. CONCLUSION

For the reasons stated above, the Court will grant Defendants' Motion *in Limine*.

An appropriate order follows.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAQUILLE MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:14-201 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| R. BAKOS AND JOSEPH DUPONT, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this 31st day of October, 2016, upon consideration of Defendants' Motion *in Limine* to Exclude Introduction of Confidential Department of Corrections Security Policies (ECF No. 55), in accordance with the attached memorandum opinion, **IT IS HEREBY ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants are not required to turn the policies over to Plaintiff and the policies will not be admissible at trial.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE